UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DOUGLAS MACK CARROLL,

        Plaintiff,

      v.                                                Case No. 23-C-646

HSU MANAGER ARCHER, et al.,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Douglas Mack Carroll, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1-2.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). Dkt. No. 2. A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $60.96. Therefore, the Court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Milwaukee Secure Detention Facility. Dkt. No. 1 at 1. Defendants are Health Services Unit (HSU) Manager Archer, Lt. Maucaully, Lt. Card, and the Wisconsin Department of Corrections (DOC). *Id*. at 1-2.

Plaintiff is a disabled inmate with a prosthetic leg. *Id.* at 3. He alleges that, beginning on March 22, 2023, HSU Manager Archer made medical decisions about Plaintiff's care on numerous days without examining or speaking to him. On March 22, 2023, Plaintiff's prosthetic leg "completely broke," making it impossible for Plaintiff to walk. *Id.* at 3-4. Plaintiff alleges that, despite the complete break, HSU Manager Archer stated that Plaintiff should be able to get around on it because the prosthetic already had a partial break before March 22, 2023, and Plaintiff knew how to walk around with a partially broken prosthetic leg. *Id.* at 3.

Also on March 22, 2023, Lt. Macaully placed Plaintiff in the Restrictive Housing Unit (RHU). Plaintiff alleges that, because his prosthetic was broken, he needed a wheelchair to maneuver around the cell. But Plaintiff asserts that his wheelchair restriction had improperly lapsed and that his wheelchair was confiscated. *Id.* at 4. Plaintiff claims he was not provided access to a wheelchair and was forced to hop around on one leg. *Id.* Plaintiff notified Lt. Maucaully and Lt. Card about his need for a wheelchair while in RHU, but they did nothing to acquire one. *Id*. He alleges that he was not provided shower assistance and that he slipped and fell in the shower. On March 27, 2023, Plaintiff saw his doctor, and his doctor reinstated the wheelchair restriction. Plaintiff asserts that between March 22, 2023, and April 12, 2023, he was forced to hop around RHU on one leg. *Id.* at 2-5. Plaintiff seeks monetary damages. *Id*. at 6.

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asks to proceed on a claim under the Eighth Amendment's cruel and unusual punishment clause. Dkt. No. 1 at 5. To state a claim, Plaintiff must allege (1) conditions so adverse that they deprived him "of the minimal civilized measure of life's necessities" and (2) that the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Requiring an inmate to hop around the institution on one leg and endure even "several days without his prosthetic leg or any other mobility aid" may also violate the Eighth Amendment's prohibition on cruel and unusual punishment. *See, e.g.*, *Echols v. Ill. Dep't of Corr.*, No. 3:20-CV-00583-GCS, 2021 WL 25359, at *3 (S.D. Ill. Jan. 4, 2021).

Plaintiff alleges that, on or around March 22, 2023, he notified HSU Manager Archer, Lt. Maucaully, and Lt. Card that his prosthetic leg completely broke and that he needed assistance to move around the institution. HSU Manager Archer allegedly told Plaintiff to walk around on his broken prosthetic leg because he already knew how to do so; and Lt. Maucaully and Lt. Card refused to find him a wheelchair even though Plaintiff's doctor entered a wheelchair restriction on March 27, 2023. As a result, Plaintiff was forced to hop around RHU on one leg until April 12,

4

2023. During this time, he fell and injured himself while attempting to shower without any handicap assistance. Based on these allegations, Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against HSU Manager Archer, Lt. Maucaully, and Lt. Card.

The Court will dismiss the DOC from the case, however. Plaintiff only seeks monetary damages through this lawsuit. *See* Dkt. No. 1 at 6. States are entitled to sovereign immunity from monetary damages under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 170 (1985). Thus, Plaintiff cannot proceed against the DOC for monetary damages.

## CONCLUSION

The Court finds that Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against HSU Manager Archer, Lt. Maucaully, and Lt. Card based on his allegations that they failed to address his mobility challenges after his prosthetic leg broke.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Wisconsin Department of Corrections is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on HSU Manager Archer, Lt. Maucaully, and Lt. Card.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, HSU Manager Archer, Lt. Maucaully, and Lt. Card shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$289.04** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 5th day of July, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

7

Case 1:23-cv-00646-WCG   Filed 07/05/23   Page 7 of 7   Document 7